UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| QUANRICO O'NEAL, # 447377, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:13-cv-864 |
| ) | |
| v. ) | Honorable Paul L. Maloney |
| ) | |
| UNKNOWN PARTIES, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## REPORT AND RECOMMENDATION ON MOTION FOR TEMPORARY RESTRAINING ORDER

This is a civil action brought by a state prisoner. Plaintiff is serving a life sentence in the custody of the Michigan Department of Corrections (MDOC) on his second-degree murder conviction[1] and a sentence of 2-to-8 years on his convictions for four counts of assaulting prison employees. He is currently a "Security Level V" prisoner at the Ionia Correctional Facility (ICF). On August 9, 2013, plaintiff filed an unsigned complaint against unknown parties. He states that he has been treated for mental illness for more than a decade, is on psychotropic medications, and would like an injunction ordering that he be transferred to another prison. He expresses concern that someone at ICF is going to kill him. (Compl., docket # 1).

On August 14, 2013, plaintiff filed another unsigned document. (docket # 4). It is stream-of-conscious letter complaining of his past problems in prison, his justification for ripping his mattress, and his disagreement with his current security level classification. Plaintiff asserts that he has an inadequate supply of writing paper, yet states that in addition to his correspondence with

---

[1]*See People v. O'Neal*, No. 248639, 2004 WL 2674318 (Mich. Ct. App. Nov. 23, 2004).

this court, he has written to Governor Snyder, Attorney General Schuette, various MDOC officials, the "American Friends Service," the United States Department of Justice, and the Michigan State Police. Further, he complains about his shower schedule and the lack of "outpatient" mental health treatment. Plaintiff indicates that he has "over 250 major misconducts [for] assault[s] on staff, disobeying order[s,] and destruction of State property." On the last page of his letter he states: "I wrote you because my life i[s] important to me[.] Help me (transfer me) or have a[n] Injunction ordered or Temporary Restraining Order – T.R.O." (*Id.* at ID# 9). The Clerk docketed plaintiff's letter as a motion for a TRO or preliminary injunction. (docket # 4). The most that can be discerned from plaintiff's motion is that he wants a court order transferring him to another prison, ostensibly because he is afraid that someone at ICF will kill him if he is returned to the prison's general population. For the reasons set forth herein, I recommend that plaintiff's motion be denied.

## Discussion

Temporary restraining orders and preliminary injunctions are extraordinary remedies. *See Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *see also* FED. R. CIV. P. 65. Because they are extraordinary remedies, such relief is only granted where movant carries his burden of proving that the circumstances clearly demand it. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). The four factors this court is to consider on motions for a TRO or preliminary injunction are well-established. *See McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012); *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008).

None of the four factors weighs in favor of granting the extraordinary relief plaintiff requests. Plaintiff has not shown a strong likelihood of success on the merits of his claims. At this juncture, it is unclear whether his complaint states any claim on which relief can be granted. Initial

screening of his complaint has not yet taken place and plaintiff has not yet corrected the problems listed in the court's deficiency order (docket # 2) and conditional order striking his complaint (docket # 3). At this point in the case, plaintiff has identified no defendant against whom an injunctive order could be entered. Plaintiff has not shown that an injunction is necessary to prevent irreparable harm. The major misconduct record that plaintiff emphasized in his letter does not suggest that his release into ICF's general population is imminent. Further, even assuming that such a release was imminent, there is little before the court suggesting that the threat plaintiff now perceives is real rather than imagined. Prisoners have no right to be housed in the prison of their choice, *see Olim v. Wakinekona*, 461 U.S. 238, 245 (1983), and the State has very limited options for holding convicted murderers with plaintiff's record of dangerous, assaultive conduct. The public interest would not be served by granting the extraordinary relief plaintiff requests, and entry of such an order would constitute an unwarranted intrusion into the State's operation of its prisons.

**Recommended Disposition**

For the reasons set forth herein, I recommend that plaintiff's motion for a TRO or preliminary injunction (docket # 4) be denied.

Dated: August 16, 2013         /s/ Joseph G. Scoville
                               United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).